Case 3:05-cr-00064-TJC-HTS Document 143 Filed 02/21/08 Page 1 of 4 PageID 294
AO 245D (Rev 00/05) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA



| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (For Revocation of Probation or Supervised Release) |
| V. | CASE NUMBER: 3:05-cr-64-J-32HTS |
| | USM NUMBER: 30949-018 |
| EMORY CLAYTON RICE, JR. | |
| | Defendant's Attorney: James A. Hernandez |

**THE DEFENDANT:**

__X__ admitted guilt to violation of charge number __Two (2)__ of the term of supervision.

__X__ was found in violation of charge number __Four (4)__ after denial of guilt.

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| Two (2) | Positive Urinalysis for Cocaine on August 6, 2007, in violation of Condition Seven of the Standard Conditions of Supervised Release | August 6, 2007 |
| Four (4) | Failure to Participate in Drug Aftercare in Violation of the Special Condition | October 18, 2007 |

The defendant is sentenced as provided in pages 2 through 2 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has not violated charge number(s)__ and is discharged as to such violation charge(s).

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: **February 13, 2008**

TIMOTHY J. CORRIGAN
UNITED STATES DISTRICT JUDGE
DATE: February 20, 2008

AO 245D  (Rev. 01/07) Judgment in a Criminal Case for Revocation
      Sheet 2 - Imprisonment

| | | |
|---|---|---|
| Defendant: | EMORY CLAYTON RICE, JR. | Judgment - Page _2_ of _2_ |
| Case No.: | 3:05-cr-64-J-32HTS | |

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **THREE (3) MONTHS.**

_____  The Court makes the following recommendations to the Bureau of Prisons:

**X**  The defendant is remanded to the custody of the United States Marshal.

_____  The defendant shall surrender to the United States Marshal for this district:

    \_\_\_\_  at _____ a.m.     p.m.    on _____ .

    \_\_\_\_  as notified by the United States Marshal.

\_\_\_\_  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    \_\_\_\_  before 2 p.m. on _____ .

    \_\_\_\_  as notified by the United States Marshal.

    \_\_\_\_  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ with a certified copy of this judgment.

                                                                       UNITED STATES MARSHAL

                                   By _____
                                                     DEPUTY UNITED STATES MARSHAL



U.S. District Court
Middle District of Florida
**GOVERNMENT'S EXHIBIT**
Exhibit Number: 1

Case Number: 3:05-CR-64-J-32HTS
USA
v.
Emory Clayton Rice
Date Identified: FEB 1 3 2008
Date Admitted: FEB 1 3 2008

# Chemical Dependency Counseling
## 2021 Park Street
## Jacksonville, FL 32204

---

### 904-355-7099

October 31, 2007

RE: Emory Rice
PACTS #: 50521
SS#: ███████

The above referenced individual was referred to CDC for substance abuse treatment following revocation of supervision for the provision of cocaine positive urine samples.

Upon his initial greeting into the treatment facility, Mr. Rice presented with a hostile, angry posture indicating that he neither desired nor required therapeutic intervention. He refused to complete required paperwork and became increasingly loud and demanding. His supervising USPO, Crystal DiLeva, presented to the facility within 5 minutes of client's arrival and attempted to diffuse the situation by encouraging the client's compliance with recent court mandated treatment and Community Corrections placement. Mr. Rice stated that he had no intention of reporting to CCC. He indicated the reason for his intended refusal as his lack of familiarity with the public transportation system as well as his lack of funds to utilize the system. Mr. Rice was questioned regarding his last use of illicit substances. After an initial denial of recent use, Mr. Rice offered that indeed he had used cocaine within the past 24 hours. However, his behaviors including paranoia, belligerence, animation and overall erratic presentation, indicated more recent use.

SUSPO, Ben Bridgman arrived at the facility and proceeded to address the situation. At that time, Mr. Rice indicated that he would participate in the evaluation process and subsequently proceed to CCC for expected report. He was provided bus fare and offered direction for transportation use.

Information gleaned from Mr. Rice's initial evaluation was wrought with distortions and inconsistencies. During the course of the initial evaluation, Mr. Rice required frequent redirection with marginal response. He continued to indicate labile mood shifting from indifference to belligerence. His responses were animated and loud with presentation indicative of attempts to intimidate. When his efforts were unsuccessful, Mr. Rice became frustrated and anxious. During the course of the evaluation, Mr. Rice disclosed that he had a bus card entitling him to travel throughout the city for 25 cents. He further indicated that he was quite familiar with the public transportation system and utilized it frequently. When questioned as to his reason for blatant deception to both the treatment provider and USPOs, client remarked, "I don't know why, I can't tell you why I do things".

Page 2
Rice, Emory

The client involved in both group and individual treatment modalities. Mr. Rice's superficial cooperation with the treatment program was transparent and confronted on numerous occasions. He repeatedly failed to complete homework assignments providing excuses such as "I forgot about it; I don't see the point anyway" or "I lost it". After explaining the rationale associated with the use of these assignments, Mr. Rice continued to question and argue their efficacy. Deception and attempts to manipulate were evidenced by his continued cocaine use (as indicated by positive urine samples) but verbal insistence that he was working the 12-step NA program and maintaining abstinence from use. Mr. Rice ignored his identified trigger for use (association with drug-involved persons) by continuing his relationship with individuals whom he had previously described as supportive of a drug-involved lifestyle. Mr. Rice acknowledged that he had initiated conversation with other CDC clients with the intention of sabotaging the treatment (e.g. group modality) process. He indicated that he had "bragged to other people" his ability to "beat the color code system" and continued undetected use of illicit drugs.

On 8-6-07, Mr. Rice was scheduled for an appointment at CDC. He phoned the facility indicating that would be unable to attend the appointment due to his illness. He was reminded that treatment protocol mandated he receive permission for an absence by notifying his USPO. Mr. Rice indicated awareness of this mandate and stated he would call the USPO. Mr. Rice was instructed by the USPO to report to the Federal Probation Office to provide a urine sample. That urine sample was positive for cocaine. Mr. Rice's actions indicate that he attempted to avoid attendance of a scheduled treatment appointment in an effort to avoid detection of illicit drug use. Despite his demonstration of disrespect and dishonesty, Mr. Rice was again afforded an opportunity to remain in the program. Again, he indicated his desire to obtain and maintain abstinence from drug use and reported his intent to discontinue manipulative behaviors and assume an honest posture within the treatment program.

Mr. Rice's behaviors indicate a lack of motivation to initiate appropriate behavioral change. Considering his failure to comply with program mandates and following staffing with USPO, Mr. Rice is unsuccessfully terminated from the treatment program effective 10-18-07. Should his behaviors indicate a shift toward appropriate treatment involvement, consideration for re-enrollment will follow appropriate referral from USPO.

Respectfully,

Kathy B. Hobbs, LMHC, LPC